UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAHIEN JAMAICA DUHART,

    Plaintiff,

v.    Case No. 3:18-cv-674-J-39JBT

CITY OF JACKSONVILLE, et al.,

    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, a pretrial detainee at the Duval County Jail, initiated this case by filing a pro se Civil Rights Complaint (Doc. 1). He also filed a request to proceed in forma pauperis (Docs. 2, 3). Plaintiff names as Defendants the City of Jacksonville; the Jacksonville Sheriff's Office / Mike Williams;[1] Detective Christopher Smith; Mayor Lenny Curry; Detective Daniel Digiorgi; and City Counsel Chairperson Anna Lopez Brosche. He lists his claims as "neglect of duty[,] fraud, cruel and unusual punishment, racial discrimination[,] tampering with evidence, false imprisonment, falsify reports, deprived of life, liberty, declar[a]tory degree [sic]."

Plaintiff's factual allegations are as follows:

---

[1] Plaintiff identifies "Jacksonville Sheriff's Office" as the named Defendant, and identifies "Mike Williams" as the "employer." The Court will construe his Complaint liberally as an attempt to name Mike Williams since the Sheriff's Office is not an entity amenable to suit in a § 1983 case. See Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit).

> Officer Christopher Smith tamper[ed] with submitted evidence taken and placed the item of a black hoody [sic] taken from plaintiff on the scene of a crime to be photographed. He also along with detective Di[gi]orgi committed conspiracy to convict by giv[ing] false statements.

Plaintiff also provides the names of four officers he identifies as "witnesses." He claims that he suffers depression, anxiety attacks, stress, and mental abuse. As relief, he seeks monetary damages and "release from custody."

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as "de facto counsel" for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

2

as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotations, alteration, and citation omitted). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation pursuant to the PLRA because Plaintiff has failed to "state a claim to relief that is plausible on its face." See Ashcroft, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured under the Constitution or laws of the United States. See Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). More than conclusory and vague allegations are required to state a cause of action under § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam) (citing Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984)). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

Plaintiff has failed to set forth any factual allegations regarding Defendants the City of Jacksonville, the Sheriff, the Mayor, or Anna Lopez Brosche. To the extent he is attempting to hold these Defendants liable based on the theory of respondeat superior, the Eleventh Circuit has rejected this theory of liability in § 1983 cases. See Keith v.

DeKalb Cty., Ga., 749 F.3d 1034, 1047 (11th Cir. 2014) (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)). Thus, all claims against these Defendants are due to be dismissed.

With respect to Detectives Smith and Digiorgi, Plaintiff appears to be attempting to state a claim for false imprisonment following an arrest that occurred at the Hilltop Village Apartments on November 14, 2017.[2] "A § 1983 claim of false imprisonment requires a showing of common law false imprisonment and a due process violation under the Fourteenth Amendment." Campbell v. Johnson, 586 F.3d 835, 840 (11th Cir. 2009). Plaintiff has not stated a due process violation because he has not alleged that his continued detention is invalid or that his arrest was made in the absence of probable cause. See id.; see also Case v. Eslinger, 555 F.3d 1317, 1330 (11th Cir. 2009) ("Our precedents establish that a claim of false imprisonment . . . depends on an absence of probable cause."). Indeed, Plaintiff's criminal case is ongoing. To the extent Plaintiff is attempting to have this Court interfere with his ongoing state court criminal case, this Court will abstain from doing so.[3]

In sum, this case is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Accordingly, it is

**ORDERED:**

1.  This case is **DISMISSED without prejudice**.

---

[2] Plaintiff is currently facing criminal charges for his November 14, 2017 arrest. See State of Florida v. Duhart, 16-2017-CF-010307-AXXX-MA (Fla. 4th Cir. Ct.). The state court's docket shows that Plaintiff is charged with attempted murder in the second degree; shooting or throwing deadly missiles; possession of a firearm by a convicted felon; and carrying a concealed firearm. Plaintiff is representing himself and notably, the court recently denied his Motion to Suppress in which he sought to suppress photographs of a "black hoodie." See docket entry 208, May 4, 2018.

[3] Because Plaintiff has not alleged an underlying constitutional violation, he similarly has not alleged a claim for conspiracy to violate his constitutional rights.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of June, 2018.

*[signature]*
BRIAN J. DAVIS
United States District Judge

Jax-6 6/12
c:
Rahien Jamaica Duhart